## Lawrance *versus* Borm.

The affidavit of defence law does not conflict with the provisions of the constitution which guarantee the right of trial by jury.

February 6th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of July Term 1875, No. 129.

Assumpsit by Charles Borm against Edward L. Lawrance upon two promissory notes. Plaintiff filed copies of the notes, when defendant in an affidavit averred that since the re-organization of the courts under the constitution of 1873, there is no authority in the court to enter a judgment for want of a sufficient affidavit of defence. The court held this affidavit insufficient, and entered judgment for plaintiff, which was the error assigned.

*Edward S. Lawrance, p. p.,* for plaintiff in error, contended at great length and quoting largely from the constitutions of the various states, that the right of trial by jury was guaranteed to citizens by the constitution of the United States and of the states, and that the affidavit of defence law was an abridgment of that right.

No paper-book nor argument contra.

The judgment of the Supreme Court was entered, February 18th 1878,

5 NORRIS—15

[Lawrance *v.* Borm.]

PER CURIAM.—The elaborate and exhaustive argument of the plaintiff in error certainly establishes the right of trial by jury as one of the inestimable privileges of the citizens of this free state. Coming down to us from the Proprietary himself, brought by him from England, and preserved in all the forms of government under which the freemen of Pennsylvania have lived, and made by them a fundamental article in their Declaration of Rights, it becomes us to see that it is not impaired. But while the sacredness of this reserved right cannot be impaired by the legislature, we are unable to see that the law in question does impair it. Clearly, if a defendant in an action presents no defence to be tried by a jury, he cannot claim that his privilege is denied him. What is the affidavit of defence but a special plea made under oath ? By this means the defendant presents the facts of his case for the consideration of the court. Now, at no time in the history of civil proceedings has it ever been held that the trial by jury involves the right of the jury to decide the law of the case. A plea in abatement, a plea *puis darrien continuance*, and other cases provided for by the rules, which the courts are authorized to establish to govern the practice before them, must be put in under oath. So rules governing the evidence to be submitted to a jury often require an oath in support or denial of the matter alleged. There cannot be an objection, therefore, to the fact that the party is obliged to state his plea, or his defence, under oath. This is but a means to prevent delay by falsehood or fraud. Nor can it be objected that when all the facts have been stated by a defendant, which he either knows or is informed of, believes and expects to be able to prove, the court decides the law arising upon the facts thus stated. This is no more than the court always does upon a demurrer, a special verdict, a nonsuit, or an issue in equity. And when a case is tried before a jury the court must decide upon the law governing the evidence or the case itself. It is a misconception, therefore, of the right of trial by jury to suppose that it draws the pleadings, no matter what their form, from the court to the jury. A jury tries only issues of fact, and the court must govern the making up of the issue. The affidavit of defence is only a modern but valuable mode of making up the issue for the jury. And when, on a statement of all the facts a defendant can conscientiously swear to, the court finds that the law upon these facts is against him, clearly, he has no right to go before a jury. The court has then done no more than it would have a right to do by instruction to the jury, when all the evidence is in, with this advantage to the defendant, that by his affidavit he has made the evidence to support his own case.

We cannot perceive any collision between the affidavit law and the right of trial by jury.          Judgment affirmed.