## Mitcheson v. Barth, Appellant.

*Landlord and tenant—Notice to quit—Holding over—New lease.*

Where a lease contains a clause for thirty days notice of removal, provided, however, that if the lessor gives thirty days notice previous to the expiration of the term, of his intention to change the terms and conditions of the lease and the lessor shall hold over after such notice, "he shall be considered lessee under the terms and conditions mentioned in such notice, for such further period as he may remain in possession of said premises, and until this lease is terminated by notice as hereinbefore provided," and the landlord gives the tenant the thirty days' notice of a change in the rent and the term of the lease, the tenant cannot remain in possession and defend an action for the increased rent on the ground that the notice is void.

Argued Dec. 15, 1908. Appeal, No. 160, Oct. T., 1908, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1907, No. 1,607, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Joseph MacGregor Mitcheson, for himself and as attorney for Mary Frances Mitcheson (now Mary Frances Nunns), v. Philip Barth. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for rent.
The opinion of the Superior Court states the facts.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Eugene C. Bonniwell*, with him *John J. Green*, for appellant.—
The landlord plaintiff having withdrawn his notice of an in-
tention to terminate the lease and having failed to exercise
the power of change of terms and conditions in accordance
with the provisions of the contract of lease, the tenant defend-
ant held over and continued as tenant for another year at the
old rental of $930 per annum payable $77.50 per month, and
the plaintiff was not entitled to sue for or to recover any other
rental.

As a general rule, in construing provisions of a lease relating
to renewals, where there is any uncertainty, the tenant is
favored, and not the landlord, because the latter having the
power of stipulating in his own favor, has neglected to do so,
and also upon the principle that every man's grant is to be
taken most strongly against himself: Kaufmann v. Liggett,
209 Pa. 87; Gillion v. Finley, 22 W. N. C. 124; Com. v. McNeile,
8 Phila. 438.

*William H. Lloyd*, for appellee.—If the landlord notifies the
lessee before the beginning of the new tenancy that the terms
of the original tenancy will be changed in a certain respect,
such as that an increased rent will be required, to the extent
of such change the terms of the original lease do not apply, as
it will be held that the tenant assented to the change; but the
original lease is applicable in all other respects: Phœnixville
Borough v. Walters, 184 Pa. 615.

A lease containing a covenant to renew at its expiration with
similar covenants, terms and conditions contained in the
original lease is fully carried out by one renewal without the
insertion of another covenant to renew. Otherwise a per-
petuity is provided for: Winslow v. Baltimore and Ohio Rail-
road Co., 188 U. S. 646 (23 Sup. Ct. Repr. 433); Swigert v.
Hartzell, 20 Pa. Superior Ct. 56.

OPINION BY BEAVER, J., February 26, 1909:

A lease, of which the plaintiffs and defendant were lessors
and lessee respectively, contained the following clause as to the
termination of the lease by notice:

"And it is hereby mutually agreed, that either party hereto may determine this lease at the end of said term, by giving the other notice thereof, at least thirty days prior thereto, but in default of such notice, this lease shall continue upon the same terms and conditions as are herein contained, for a further period of one year, and so on from year to year, unless or until terminated by either party hereto giving to the other thirty days' notice for removal previous to the expiration of the then current term. Provided, however, that, if the lessor shall have given thirty days' notice previous to the expiration of said term, or any extension or renewal thereof as above, of his intention to change the terms and conditions of this lease, and the lessee shall hold over after such notice, he shall be considered lessee under the terms and conditions mentioned in such notice for such further period as he may remain in possession of said premises, and until this lease is terminated by notice, as hereinbefore provided."

It seems, from a subsequent notice, a notice to quit dated September 19, 1907, had been served upon the defendant. On October 8, 1907, another notice, addressed to the defendant, was served upon him, in which the notice dated September 19, 1907, was revoked and withdrawn, and it was stated that: "In substitution for that notice you are hereby notified, in accordance with the provisions of your present lease, of the lessor's intention to change the terms and conditions of the lease as follows, to wit: That, if you hold over after November 8th, 1907, you will do so upon the same terms and conditions as those contained in, and as if you and the lessor therein named had duly signed, sealed and executed, the draft of a lease enclosed herewith and attached hereto and made a part hereof."

The lease referred to in, and attached to and made part of this notice differs in several material respects from the terms and conditions under which the lessee held in the original lease. It was for a term of 205 days from November 9, 1907, until May 31, 1908, the rental for the said period of 205 days being $600, which was equivalent to $90.00 per month instead of $77.50 per month.

The clause in reference to the termination of the lease by

notice was as follows: "And it is hereby mutually agreed, that either party hereto may determine this lease at the end of said term, by giving the other notice thereof, at least on or before January 15 prior thereto, but in default of such notice, this lease shall continue upon the same terms and conditions as are herein contained, for a further period of one year and so on from year to year at the rate of $1,140.00, payable in equal installments of $95.00 each, monthly in advance, on the first day in each month, unless or until terminated by either party hereto giving to the other on or before January 15 written notice for removal previous to the expiration of the then current term. Provided, however, that, if the lessor shall have given on or before January 15 written notice previous to the expiration of said term, or any extension or renewal thereof as above, of his intention to change the terms and conditions of this lease, and the lessee shall hold over after such notice, he shall be considered lessee under the terms and conditions mentioned in such notice, for such further period as he may remain in possession of said premises, and until this lease is terminated by notice, as hereinbefore provided."

The plaintiffs claim that the defendant subsequent to the service upon him of the first notice, in accordance with the terms of the original lease, continued to remain in possession of the said premises subsequently to November 8, 1907, when his lease terminated according to the notice, and has remained in possession of the same up until the present time.

The claim of the plaintiffs was for the sum of $60.00 due on November 9, 1907, and a further sum of $90.00 due on December 1, 1907. These facts are expressly admitted by the defendant in his affidavit of defense, but he avers that he is not liable to the plaintiffs in any sum other than the sum of $77.50 per month.

"1. Because several writings, purporting to be the notice or notices given by plaintiffs of plaintiffs' intention to change the terms and conditions of the lease were not such notice or notices as are required by said lease.

"2. Because the said writings purporting to be the notice or notices are void and of no binding effect or force, as they do

not set forth the changes in the terms and conditions of the lease.

"3. Because the said several writings purported to notify defendant of changes in the terms and conditions of the lease contradictory with each other.

"4. Because the several writings provided for changes in the terms and conditions of the lease of which the said lease does not permit, that is, the said alleged notices provide that, if the lessee shall hold over after such notice, he shall be considered lessee 'after November 8, 1907, and until May 31, 1908, at the rent of $600., and thereafter at the rent of $1,140. per year,' whereas the said lease provides that, if the lessee shall hold over after such notice, he shall be considered lessee under the terms and conditions mentioned in such notice for such further period as he may remain in possession of said premises, and until this lease is terminated by notice, as hereinbefore provided."

Motion was made for judgment for want of a sufficient affidavit of defense which, on argument, was made absolute. No opinion was filed in the court below, but the plaintiffs' statement of claim and the defendant's affidavit of defense raise such a clearly defined question of law that we are not in doubt as to the grounds which led the court below to enter judgment for want of a sufficient affidavit of defense. The notice of the termination of the original lease was accompanied by the draft of a new lease which was, in fact, as much a part of the notice to quit as if it had been copied therein instead of being attached thereto, and the defendant, having held over after the termination of his lease, as he confessedly did, he became under the terms of his original lease a lessee under the terms of the proposed lease which was attached to the notice to quit and made part thereof. There is no limitation in the original lease as to the terms and conditions which the lessors might change in the notice to quit, so that the termination of the tenancy under the notice or new lease and of the time for notice to quit to be given were as much terms and conditions as the increased rental, and any other terms and conditions of the old lease which might be changed by the notice or the new lease which was attached to the notice and made part thereof.

The part of the original lease, upon which the defendant seems to rely, is, that, if, "the lessee shall hold over after such notice, he shall be considered lessee under the terms and conditions mentioned in such notice for such further period as he may remain in possession of said premises and until this lease is terminated by notice as hereinbefore provided." This provision was inserted, evidently, so that, if no change in the time of notice were given in the new lease, the old terms or conditions in regard to notice should remain effective, but, inasmuch as the form of the new lease provided for a different notice and the defendant held over under the terms of that notice, he is bound thereby.

There is no uncertainty or ambiguity in regard to the terms of the new lease, as provided in the notice of October 8, which was within the period required by the original lease, was accompanied by a letter addressed to the defendant, the receipt of which is not denied, in which the reasons for the withdrawal of the notice of September 19 are given, and in which it is stated: "On September 23rd, James H. Young, Esq., as your representative, called upon me, and on your behalf offered to lease, at the rate of $90.00 per month for a period of five years: this offer was declined. On September 25th, however, Mr. Young, on your behalf and I, on behalf of the owners, agreed orally for a lease at $90.00 per month until May 31, 1909, and a lease in the terms agreed upon was delivered to Mr. Young on September 28, to be signed by you. He informs me this morning that you refused to carry out the agreement and sign the lease. I am, therefore, notifying you by the notice enclosed herewith that the notice to vacate is withdrawn and that your rent after November 8, 1907, until May 31, 1908, will be at the rent of $900 and thereafter at the rent of $1,140.00 per year."

We are of the opinion that the plaintiffs had a right in their notice to change the terms or conditions of the lease as to the time at which notice of the termination of the new lease was to be given, as well as to other terms and conditions of the new lease, as set forth in the notice. It was the defendant's duty, therefore, if he was not satisfied with the terms of the new lease, as contained in the notice to quit, to vacate the premises on

November 8 and, having failed to do this, he became liable, under the terms of the new lease, for the rent fixed therein, namely, $60.00 for the portion of the month from November 8 until December 1, and $90.00 for the month beginning December 1. For this amount—$150—we think the court below entered a good judgment, which is affirmed.