# Standard Wood Pipe Co. *v.* Cambria County Coal Co., Appellant.

*Practice, C. P.—Voluntary nonsuit—Counterclaim—Notice to file answer—Act of May 14, 1915, P. L. 483.*

Where in an action of assumpsit the defendant files an affidavit of defense containing a counterclaim more than four months before the Act of May 14, 1915, P. L. 483, was passed, and nearly a year before it went into effect, and the plaintiff suffers a voluntary nonsuit after the act has become effective, the defendant cannot, afterwards, when the case is on trial, offer evidence as to the counterclaim, if it appears that he had not complied with Section 15 of the Act of 1915, requiring him to serve a notice on the plaintiff to file a reply to the counterclaim within fifteen days after service thereof. The case stood as if the Act of 1915 had not been passed.

Argued Oct. 1, 1918. Appeal, No. 92, Oct. T., 1918, by defendant, from order of C. P. Cambria Co., Dec. T., 1914, No. 385, striking case from trial list in suit of Standard Wood Pipe Co. v. Cambria County Coal Company. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule to strike off case from trial list after entry of voluntary nonsuit. Before O'CONNOR, J.

*Error assigned* was order striking off case from the trial list.

*Charles S. Evans* and *John E. Evans,* for appellant.— Acts of the legislature concerning the mode of procedure are applicable immediately to pending litigation, unless the legislature indicates a contrary intent: Kille v. Reading Iron Works, 134 Pa. 225; Hepburn v. Curts, 7 Watts 300; Hickory Tree Road, 43 Pa. 139; Lane v. White, 140 Pa. 99; Phelp's App., 98 Pa. 546; Laukhuff's Est., 39 Pa. Superior Ct. 117; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329.

*Candor & Munson* and *Kittell & Shettig,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 4, 1919:

On November 4, 1914, the Standard Wood Pipe Company brought an action in the court below against the Cambria County Coal Company to recover for goods and merchandise sold and delivered. In an affidavit of defense filed January 6, 1915, the defendant set up a counterclaim for a large sum and asked for a certificate in its favor. After the trial of the cause had been continued three times on motion of plaintiff, it suffered a voluntary nonsuit on February 6, 1918. To this the defendant objected, and the case, having again been placed on the trial list, was called for trial March 6, 1918, when the plaintiff offered no evidence. Defendant thereupon proceeded to offer proof in support of the counterclaim set up in the affidavit of defense, to which plaintiff objected, on the ground that the voluntary nonsuit which had been suffered precluded the defendant from asking for a certificate in its favor. By agreement of counsel a juror

was withdrawn and the case continued to enable the court to determine whether the defendant could insist upon the trial of the action, in view of the 14th section of the Act of May 14, 1915, P. L. 483, which is as follows: "In actions of assumpsit a defendant may set off, or set up by way of counterclaim against the claim of the plaintiff, any right or claim for which an action of assumpsit would lie, and a verdict may be rendered in his favor for the amount found to be due, and judgment entered thereon. If in any case in which the defendant sets up a counterclaim the action of the plaintiff is discontinued, dismissed, or a voluntary nonsuit suffered, the counterclaim nevertheless may be proceeded with." The court, upon due consideration, having concluded that, even if the Act of 1915 applied to actions brought prior to January 1, 1916, when it went into effect, the defendant could not invoke it because the affidavit of defense had not conformed to its requirements, and on motion of plaintiff the case was stricken from the trial list.

The requirement which the defendant wholly failed to observe is found in the 15th section of the Practice Act, and provides that "When the defendant in his affidavit of defense sets up a set-off or counterclaim against the plaintiff, the plaintiff, within fifteen days from the day of service of the affidavit of defense upon him, shall file an answer, under oath, which shall be called 'Plaintiff's Reply,' which shall be served upon the defendant, or his attorney, at the address for the service of papers endorsed on the affidavit of defense. In such cases the affidavit of defense shall be endorsed as follows: 'To the within plaintiff—You are hereby required to file a reply to the within set-off (or counterclaim, as the case may be) within fifteen days from the service hereof.' The set-off or counterclaim shall be regarded as the defendant's statement of claim, and the plaintiff's reply as an affidavit of defense thereto." As the defendant merely filed an affidavit of defense more than four months before the Act of 1915 was passed, and nearly a year

before it went into effect, and did nothing to bring the pleadings within its requirements, the manifestly correct conclusion of the learned court below was that its provisions were unavailing to the appellant. As to it the case stood as if the Act of 1915 had not been passed, and the plaintiff's right to suffer the nonsuit was not, therefore, affected by the defendant's claim of set-off: McCredy v. Fey, 7 Watts 496; Gilmore et al. v. Reed, 76 Pa. 462.

Appeal dismissed at appellant's costs.