# Delaware County Trust Company, Appellant, v. Long.

*Practice, C. P.—Affidavit of defense—Denial—Information and belief—Demand of proof—Practice Act of 1915, P. L. 483.*

In an action against the endorser of a check, an affidavit of defense which avers that the defendant has no knowledge as to the fact of presentation and demand for payment, but denies the same, is sufficient to prevent judgment for want of a sufficient affidavit of defense.

Where the fact alleged is one in which the defendant was not the actor, and which happened in a distant state, averment of belief that it was not true as stated, with a statement of defendant's expectation to prove its falsehood at trial, is a specific denial in compliance with the eighth section of the Practice Act of 1915, P. L. 483.

Demand for proof following such a denial of a statement of fact is mere surplusage.

Argued November 15, 1920. Appeal, No. 213, Oct. T., 1920, by plaintiff, from judgment of C. P. Delaware County, June T., 1919, No. 47, for defendant non obstante veredicto in the case of Delaware County Trust Company v. Joseph Long. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit against the endorser of a check. Before HAUSE, J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $582.50. Subsequently the court on motion entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was judgment of the court.

*E. Wallace Chadwick* and *W. I. Schaffer,* and with them *Arthur L. Reeser,* for appellant, cited: Ruth-Hast-

ings Glass Tube Co. v. Slattery, 266 Pa. 288; Dewees v. Middle States Coal, etc., Co., 248 Pa. 202; Easton Power Co. v. Sterlingworth Ry. Supply Co., 22 Pa. Superior Ct. 538; Jacoby v. West Chester Fire Insurance Co., 10 Pa. Superior Ct. 171.

*A. B. Geary,* of *Geary & Rankin,* for appellee.

OPINION BY LINN, J., March 5, 1921:

The question is whether plaintiff's averment of presentment of the check for payment was denied in the affidavit of defense within the meaning of the provisions of the Practice Act of 1915, P. L. 483, requiring a denial "specifically or by necessary implication" of every averment of fact to be put in issue.

Plaintiff trust company, which had cashed a check for one Burger, brought suit on it against defendant as endorser. At the trial defendant offered no evidence and the learned trial judge directed a verdict for plaintiff. Subsequently he granted defendant's motion for judgment non obstante veredicto and from that judgment this appeal was taken.

The check was drawn in Huntingdon, West Virginia, on the First National Bank of that city to the order of Otto Burger, by the Hewit Lumber Company. One, Otto Burger, requested the appellant trust company at Chester, Pennsylvania, to cash the check, but the paying teller, not knowing Burger, refused. Defendant was a depositor with appellant. Burger returned to the trust company with the check endorsed by defendant and then it was cashed.

Appellant's treasurer testified that the check "was returned to me through the usual channels from our Philadelphia correspondent—returned to me as treasurer of the company,—unpaid." The record does not disclose what he meant by "the usual channels." He stated that plaintiff had not "received payment of the check from either the West Virginia bank or from Mr.

Burger or from anyone." The endorsement was admitted and the check was received in evidence despite defendant's objection that "there is no evidence that that check was ever presented to the bank upon which it was drawn for payment." His obligation as endorser is clear, and in Hannon v. Allegheny B. L. Co., 44 Pa. Superior Ct. 266, 274, is thus stated: "The obligation of an endorser is still as it was, [prior to the negotiable instruments law] conditional not absolute, and it is one of the conditions on which that obligation rests that the endorsed instrument shall be promptly presented for payment at the time and place fixed therefor, and that due notice of its dishonor be at once given."

The averments in the pleadings raising the question for decision are as follows: Plaintiff averred: "8. That said check was thereafter duly endorsed by plaintiff and presented in due course by plaintiff to the said First National Bank of Huntingdon, West Virginia, for payment, and payment was demanded in accordance with the tenor thereof, but such payment was refused, and the same has never been paid." Due notice thereof to Long was averred in the next paragraph. Defendant answered: "The defendant has no knowledge of the facts alleged in the 8th paragraph of the statement of claim, excepting so far as stated by plaintiff, but denies the same, and, if material, demands that they be proven." "11. All of which defendant avers is true, that he verily believes the same to be true and that he expects to be able to prove the same to be true upon the trial of said case." The statement of claim contains no averment of protest nor of circumstances which would dispense with notice of dishonor and the affidavit of defense is likewise silent on the subject.

Did defendant deny "specifically or by necessary implication" the 8th averment undoubtedly made by plaintiff in recognition of the conditional obligation of the endorser?

Defendant says his denial was adequate under the Practice Act; plaintiff says it was not. Section 16 of the act, with exceptions not now material, provides that "Neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be." The position of the learned counsel for appellant is thus stated: "The defendant in this case did not put the plaintiff to proof of presentation, therefore, it cannot be heard to say that no evidence of presentation was offered." They contend the affidavit does not deny presentment, with the result that it is admitted.

We all agree that a proper interpretation of the Practice Act requires us to hold that plaintiff's averment of presentment was sufficiently denied in the affidavit of defense to make that fact an issue to be determined at the trial. As has often been said, the Practice Act changed the law as to the use and purpose of the affidavit of defense. Formerly it was not part of the record; it is now a pleading. Its origin and evolution have so frequently been stated that we need not repeat them: Note, 3 W. N. C. 567; Lawrence v. Borm, 86 Pa. 225; Muir v. Insurance Co., 203 Pa. 338; Fulton Farmers' Assn. v. Bomberger, 262 Pa. 43. In assumpsit prior to January 1, 1916, the case was put at issue not by the affidavit of defense, but by such pleas as were permitted by the Act of 1887. The use of those pleas was abolished by section 3 of the Practice Act and the issue is now made by the affidavit of defense, and evidence will not be received "upon any issue not raised thereby": Ruth Hastings Co. v. Slattery, 266 Pa. 288, 291. One of its uses now is to make a material issue between the parties upon some essential part of the subject-matter in dispute. "This act, which was intended to simplify proceedings, and to reach the real issue as speedily as possible, is to be liberally construed......": Fulton Farmers' Assn. v. Bomberger, supra.

Section 6 provides: "Every allegation of fact in the plaintiff's statement of claim, or in defendant's set-off or counterclaim, if not denied specifically or by necessary implication in the affidavit of defense, or plaintiff's reply, as the case may be,......shall be deemed to be admitted, except......" Section 8 provides: "It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim, or for a plaintiff in his reply to deny generally the allegations of set-off or counterclaim; but each party shall answer specifically each allegation of fact of which he does not admit the truth, except......" The 16th section, prohibiting any defense not set forth in the affidavit, has already been quoted. Section 5 requires that every pleading shall contain averments of material facts in concise and summary form divided into paragraphs numbered consecutively, each containing "but one material allegation."

Let us now examine the 6th averment in the affidavit said to "answer specifically" the "one material allegation," i. e., presentment and dishonor made in the 8th paragraph of the statement, and in doing so, though it applies to all the allegations of fact in the affidavit, we must keep in mind the 11th paragraph of the affidavit already quoted to the effect that defendant believes his averments to be true and that he expects to prove them at the trial. We shall repeat it in 3 divisions: "(1) The defendant has no knowledge of the facts alleged in the 8th paragraph of the statement of claim, excepting so far as stated by plaintiff, (2) but denies the same and, (3) if material, demands that they be proven." Division 2 is undoubtedly a specific and absolute denial of the averment of presentment and dishonor. Division 3 is mere surplusage; demand for proof in that form amounts to nothing; the statute provides that to require proof one must deny "specifically or by necessary implication" and it does not make a demand for proof a denial, so that the demand in division 3 is useless.

Does division 1 diminish the specific and absolute denial: "but defendant denies the same"? The averment of presentment and dishonor in this case is of a fact in which defendant was not an actor, said to have occurred in a distant state but which the statute requires defendant to "answer" within fifteen days from the time he received the copy of the statement of claim. He believed the averment was not true and in good faith expected to prove that it was not true. How was he to require proof? A defendant may be called upon to make an issue as to a matter in which he was not an actor, which happened in some distant and remote place; all natural and reasonable impulses and considerations generally leading men to sensible conclusions about the fact may indicate that it could not be as averred by a plaintiff; must the defendant, faced with the necessity of answering such an averment, accept the averment of the plaintiff as establishing the fact or may he, acting as a reasonable man would act with regard to belief or disbelief in that fact and with the right to have the fact found by triers of fact, come in and say in substance I have no knowledge save what you relate, and in the nature of things can have none, but I do not believe it and accordingly I deny it, and I expect at the trial to prove, etc.? Why is that not as much as the general assembly intended to require of a defendant by a statute establishing a system of pleading?

In support of appellant's position we are referred to Dewees v. Middle States C. & I. Co., 248 Pa. 202, in which an affidavit of defense was held insufficient, one of the questions arising on an averment that a "note was presented for payment at the place at which it was payable to the then president of the defendant corporation." It was the note of the defendant corporation; its own treasurer made the affidavit of defense stating that he was informed, believed and expected "to prove that the note was not presented." He did "not deny that it was presented for payment to the president nor state

who gave him the information" that it had not been presented as averred. The learned court below, whose opinion was adopted on appeal, said, "When a statement of claim avers presentation to a certain person who is the executive of the corporation and some other officer, merely on information and belief, avers that there was no presentation made, the affidavit is insufficient. There must be a specific denial of the allegation made in the statement of claim." That conclusion is not inconsistent with our interpretation of the statute; there the defendant, through its officers of course, was an actor in the fact in dispute and knew the fact; a defendant cannot divide itself into two; in our case the defendant was not an actor as respects presentment in Huntingdon. We are also referred to Piedmont, etc., Railway Co. v. Shaw, 237 Fed. 973, in which endorsers attempted to defend for lack of presentment. Their denial was "That the 5th paragraph of the complaint is not true and the same is denied, except that it is admitted that said note was protested for nonpayment." The court held that was no denial of presentment because the word "protest in its usual sense implies due presentation and notice of nonpayment"; but we have neither that nor any other ambiguity here.

As in this case due presentment was requisite to transform into an absolute obligation what was therefore conditional, and as that fact was put in issue and was not proved, the plaintiff is not entitled to recover. The assignment of error is overruled and the judgment is affirmed.