## Pangborn Corp. v. Blatt, trading as Prizer-Painter Stove Co.

*Practice, C. P.—Affidavit of defence—Set-off and counter-claim—Failure to serve affidavit and notice—Evidence at trial—Practice Act of 1915.*

1. Where a defendant alleges a set-off and counter-claim in his affidavit of defence, but does not endorse upon it the notice required by section 15 of the Practice Act of 1915, and does not serve his affidavit, thus endorsed, on the plaintiff, he cannot at trial offer any evidence upon the counter-claim or set-off.

*Trial—Evidence—Relevancy to issues.*

2. It is not error for the court to refuse to admit evidence where the offer shows that it is not relevant to any issue under the pleadings.

*Practice, C. P. — Affidavit of defence — Amendment at trial — Rule of Court 176.*

3. It is not error for the court to refuse to allow an amendment to the affidavit of defence during the trial of a case where the matter intended to be alleged was known to the defendant at the time he filed his original affidavit of defence, and no adequate reason is given why the proposed defence was not then averred.

Rule for new trial. C. P. Berks Co., Sept. T., 1920, No. 88.

*E. H. Deysher,* for defendant and rule.

*William Kerper Stevens* and *George Eves,* for plaintiff.

WAGNER, J., Jan. 23, 1922.—Plaintiff's suit against the defendant is for the recovery of the sum of $834. It averred in its statement that on Nov. 7, 1919, the defendant had ordered from it by a written order (Exhibit A) an Ingersoll-Rand Air Compressor, agreeing to pay therefor the sum of $814.50, f. o. b. Easton. That in response to the order the company shipped the air compressor to the defendant; that the defendant had received it and installed it in proper working condition, and that upon demand defendant refused payment.

Among the defences in defendant's affidavit of defence, paragraph 7, he averred that, because of certain defective machinery shipped by plaintiff to defendant, and its faulty operation, defendant was unable to operate his enameling plant to full capacity, and that by reason thereof he had sustained certain specified losses amounting to $2793.14, for which amount he asked that a certificate be issued.

Defendant did not comply with section 15 of the Practice Act of 1915 by endorsing upon the affidavit the notice as required by said section, and also did not serve his affidavit of defence, thus endorsed, on the plaintiff. The defendant at the trial recognized that because of this failure evidence could not be submitted at the trial upon the counter-claim or set-off thus averred in paragraph 7 of the affidavit of defence. Defendant was, therefore, compelled to rely upon the defence contained in paragraph 1 of the affidavit.

The defence there set up was that some time in May, 1919, the defendant desired to have installed in his factory an enameling plant with a sand-blast equipment and an Ingersoll-Rand Air Compressor. The plaintiff's representative, W. C. Lytle, assured the defendant that the Curtis Air Compressor was the proper machine to be used with their equipment, and guaranteed the equipment, together with the Curtis Air Compressor, to properly and perfectly do the work required. That, relying upon this guarantee, the defendant gave to the plaintiff a written order for a sand-blast equipment, including a Curtis Air Compressor, and that W. C. Lytle further agreed to replace any part of said equipment which should not be perfect in its operation. That the Curtis Air Compressor was not satisfactory and was removed by defendant.

That defendant had paid in full for the sand-blast equipment, including the Curtis Air Compressor, and that the Ingersoll-Rand Air Compressor was furnished to him in lieu of the Curtis Air Compressor.

It will be seen by this averment that the defence was that the Ingersoll-Rand Air Compressor, for the value of which suit was brought, had been furnished in place of the Curtis Air Compressor, which had not proved satisfactory, but which had been paid, and that there was, therefore, nothing due by defendant to plaintiff.

In the affidavit of defence, and also at the trial, defendant admitted that he had given to plaintiff the written order for the Ingersoll-Rand Air Compressor, and that the same had been received and installed by defendant. At the trial the defendant, Samuel F. Blatt, upon being called as a witness, was asked by his counsel: "What dealings did you have with the Pangborn Corporation beginning in March, 1919?" Plaintiff's counsel then asked for an offer. Whereupon counsel for defendant stated in substance that he proposed to prove by the witness that in March, 1919, he had ordered a Pangborn sand-blast equipment from the plaintiff; that the plaintiff had guaranteed its efficiency, and that, if anything was wrong, plaintiff would make good. That relying upon the representations so made, the defendant had ordered the complete sand-blast equipment and Curtis Air Compressor; that the Curtis Air Compressor failed to do its work, and that in November or December the Curtis Air Compressor was taken out. That in November, 1919, the defendant also desired additional Pangborn sand-blast equipment. That Lytle, the plaintiff's agent, suggested to the defendant that he order the Ingersoll-Rand sand-blast machinery from plaintiff. That defendant thereupon told Lytle that he proposed to hold the Pangborn Corporation liable for damages that he had sustained by reason of the Curtis Air Compressor not working properly. That he had paid $220 or $230 for repairs, and $50 for work which the Pangborn Corporation guaranteed to do. That the loss which he had sustained because of the inability to operate his plant to its capacity amounted to thousands of dollars. That it was finally agreed between the defendant and Lytle that a reduction should be made on the machinery to be furnished, amounting to some $900, to cover the actual expenses and cost to which the defendant had been put, and the proposal was then submitted by Lytle to furnish this contemplated Pangborn equipment for $3440, which equipment Lytle told defendant was scheduled at the price of $4300. That the contract for the Ingersoll-Rand Air Compressor, providing for the payment of $814.50, was part of the transaction in which defendant was to receive a credit of $900 on the entire proposition. This, for the purpose of showing that the Ingersoll-Rand Air Compressor for which this claim was made, was furnished in lieu of or to take the place of the Curtis Air Compressor. This offer was objected to. Two of the objections were, first, that it was an attempt to set up a defence not at issue under the pleadings; and, second, as a set-off it could not be considered, because the affidavit of defence was not served in compliance with the provisions of the Practice Act of 1915.

A careful consideration of this offer, together with a subsequent similar offer, shows that what defendant was attempting to defend on was not an agreement to show that the Ingersoll-Rand Air Compressor had been furnished, as averred in the affidavit of defence, in lieu of the Curtis Air Compressor, but that an agreement had been entered into between plaintiff's representative and the defendant in the proposed purchase of additional sand-blast equipment from plaintiff, and that in said proposed purchase the parties

2 D. & C.

had agreed that defendant's damages, by reason of the Curtis Air Compressor, were to be $900, which said $900 was to be deducted from the $4300, the price of the equipment, and the same was to be furnished to defendant for $3440. The subsequent offer shows that this agreement for the purchase of this additional equipment was never carried out, but was canceled by mutual agreement. It will, therefore, be seen that the offer of $900 was merely a tentative agreement based upon the contract for the additional equipment and fell with the other part of the agreement. It will also be seen that this was not an offer to prove that the Ingersoll-Rand Air Compressor had been furnished in lieu of the Curtis Air Compressor. The tentative agreement of $900 damages was offered as a counter-claim or set-off to plaintiff's claim. The objections against this evidence were sustainable upon at least the two grounds just stated.

Section 16 of the Practice Act specifically provides that "Neither party shall be permitted at the trial to make any defence which is not set forth in the affidavit of defence or plaintiff's reply, as the case may be, except as provided in sections 7 and 13."

In Meyers v. Somerset Trust Co., 75 Pa. Superior Ct. 40, it is held: "Section 16 of the Practice Act of May 14, 1915, P. L. 483, limiting defences to those raised by the affidavit of defence should be strictly enforced." See, also, Kavalkovich v. Order of Liberty, 75 Pa. Superior Ct. 328; Delaware County Trust Co. v. Long, 76 Pa. Superior Ct. 77, 80; Ruth-Hastings G. T. Co. v. Slattery, 266 Pa. 288.

The proposed evidence being a counter-claim could also not be admitted, because the defendant had failed to serve the affidavit of defence upon the plaintiff, together with the required notice thereon: Futer v. Snyder, 34 Lanc. Law Rev. 361; Lancaster Foundry Co. v. Sweigart, 36 Lanc. Law Rev. 17; Kapp v. Henry, 29 Dist. R. 119; Standard W. P. Co. v. Cambria County C. Co., 262 Pa. 463.

The defendant then asked to amend his affidavit in accordance with his offer. This was refused, and defendant asks for a new trial principally upon the ground that the refusal thereof was an abuse of discretion. In the amendment the defendant proposed to use the tentative agreement as to the $900 damages as a set-off to plaintiff's claim. Even if the arrangement for the purchase of additional Pangborn machinery, which arrangement was never carried out, could be considered as a present binding agreement between the parties that defendant had suffered damages amounting to $900, the allowance of the amendment would not have aided defendant. The defence being that of set-off, evidence thereon could not have been admitted because of the failure to comply with the 15th section of the Practice Act as to notice and service as already noted. The proposition that the plaintiff was to furnish to defendant sand-blast machinery that cost $4300 for $3440 by the mutual consent of the parties was rescinded. The agreement as to the $900 damages necessarily fell with it. The tentative arrangement with regard to the $900 was, therefore, no defence to plaintiff's claim. Damages sustained by defendant were a defence only when averred as in the 7th paragraph of the affidavit of defence and by having the same served in compliance with the Practice Act.

Our Rule of Court 176, inter alia, provides: "Nor upon such trial shall the defendant be permitted to interpose any defence which is not raised by his affidavit of defence, unless it be such as has arisen since the filing thereof, in which case a specification of it by supplemental affidavit of defence is

required to be filed upon leave of court or a judge thereof as soon as reasonably may be after it has arisen, and to be forthwith served upon plaintiff or his counsel of record."

The proposed defence attempted to be injected at the trial by a supplemental affidavit of defence was a matter known to the defendant at the time he filed his original affidavit of defence. No adequate reason was given why the proposed defence was not then averred and served as required by the Practice Act. The purpose of the Practice Act is to expedite the disposition of cases: Work *v.* Adams, 72 Pa. Superior Ct. 262, 264; Beishline *v.* Kahn et al., 265 Pa. 101, 103. We do not consider that under the circumstances the proposed amendment should have been allowed or that in the disallowance there was an abuse of discretion.

Rule for new trial is discharged.

From Wellington M. Bertolet, Reading, Pa.