## Katz, Appellant, *v.* Wagoner et al.

*Practice—Replevin—Judgment for want of sufficient reply—Acts of April 19, 1901, P. L. 88, section 12—May 14, 1915, P. L. 483—Philadelphia County Court Rule 68.*

In an action of replevin to recover goods taken in distraint for rent, defendant filed an affidavit of defense under rule of court 68 of Philadelphia County Common Pleas.

Rule 68 provides in all actions or replevin in which defendant does not claim ownership of the property replevied, but claims a lien upon the property or a right therein under distraint for rent, defendant shall assert such claim in his affidavit of defense, in like manner and form as is required for counterclaims in actions of assumpsit under the Practice Act; and thereafter the same practice and procedure shall be had as in such actions, and judgment may be entered against the plaintiff for want of a reply or for an insufficient reply, as the case may require.

Such a rule is not inconsistent with the Act of April 19, 1901, P. L. 88, regulating the practice where a writ of replevin is issued. This Act provides in section 12 that the Courts of Common Pleas may make general rules governing the proceedings under this act not inconsistent therewith.

Argued October 26, 1927.    Appeal No. 139, October T., 1927, by plaintiff from judgment of C. P. No. 5, Philadelphia County, June T., 1926, No. 1749, in the case of William Katz v. Charles S. Wagoner, Landlord, and Charles W. Slemmer, Constable. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed with the

modification that the amount of the judgment be reduced to $1,500.

Replevin for goods distrained for rent. Before ·Martin, P. J.

The opinion of the Superior Court states the facts.

The court ordered judgment for defendant for $1,500; the prothonotary assessed damages· in the sum, of $1,689.75. Plaintiff appealed.

*Error assigned* was the entry of judgment.

*Harold B. Bornemann,* and with him *Charles A. Waters,* for appellant.—The reply of the plaintiff was surplusage and not a basis for judgment for want of a sufficient reply: McCrary v. McCully, 75 Pa. Superior Ct. 466; Drumgoole v. Lyle, 30 Pa. Superior Ct. 463; Ewing v. Vanarsdall, 1 Sergeant & Rawle 370.

*Claude B. Wagoner,* for appellee, cited: Jackson v. Blair, Inc. et al., 9 D. & C. 17; Pickering v. Kerr, 72 Pittsburgh L. J. 810; Buehler v. United States Fashion Plate Co., 269 Pa. 429; McNamee v. Cresson, 3 W. N. C. 450.

Opinion by Keller, J., March 2, 1928:

Section 12 of the Act of April 19, 1901, P. L. 88, relating to replevin and regulating the practice where the writ of replevin is issued, provides: "The Courts of Common Pleas may make general rules governing the proceedings under this act, not inconsistent herewith." Under this authority the Courts of Common Pleas of Philadelphia County have adopted Rule 68, as follows: "In all actions of replevin, in which the defendant does not claim ownership of the property replevied but claims a lien upon the property or a right therein under distraint for rent, the defendant shall assert such claim in his affidavit of defense, in like

manner and form as is required for counterclaims in actions of assumpsit under the Practice Act; and thereafter the same practice and procedure shall be had as in such actions, and judgment may be entered against the plaintiff for want of a reply or for an insufficient reply, as the case may require.''

The plaintiff disputes the validity of this rule and appeals from a judgment entered under it for want of a sufficient reply to the claim for rent set up in the affidavit of defense.

The practice prescribed in the Replevin Act of 1901 is not well adapted to actions in replevin growing out of distraints for rent, and for some time after its passage there was some doubt as to whether the act applied to such cases. We held in Drumgoole v. Lyle, 30 Pa. Superior Ct. 463, that it did. But in this class of cases the real issue involved, to wit, whether the rent distrained for is due and owing, is not contained in the pleadings for which the act provides, the declaration and affidavit of defense. Under the practice in vogue in this class of replevin actions prior to the Act of 1901, the plaintiff filed his declaration, the defendant his avowry or cognizance which was in the nature of a new declaration as well as a defense to that of the plaintiff, and the latter, if he admitted the tenancy, replied with a plea of *Riens in arrere* (Nothing, or No rent, in arrear), which put in issue only the special fact alleged by it: 2 Troubat & Haly's Practice, secs. 1750-5, (Brightly's Ed.). There would seem to be no good reason why the courts, in this class of replevin actions, should not supplement the Act of 1901, by rules not inconsistent with the act, tending to discover whether the plaintiff has any valid defense to the defendant's claim for rent; just as one of the purposes of the Act of 1901 was to simplify the pleadings in actions of replevin generally and permit a judgment for the plaintiff without the delay of a jury trial where the defendant could not show in his affidavit a meri-

torious ground of defense. The situation is not unlike that which prior to the Act of May 25, 1887, P. L. 271, gave rise to rules of court requiring the filing of affidavits of defense in actions of assumpsit, which were sustained as a valid exercise of the rule making power of courts and not inconsistent with the laws regulating practice and pleading then in force: Vanatta v. Anderson, 3 Binney 416; Lawrance v. Borm, 86 Pa. 225. Just as the affidavit of defense required by those rules was not a pleading: Muir v. Preferred Accident Ins. Co., 203 Pa. 338,—it was not made such in actions of assumpsit until the Practice Act of May 14, 1915, P. L. 483,—so the plaintiff's reply required by this rule is not a pleading within the provisions of the Act of 1901 and interferes in no manner with section 6 of that act, prescribing the pleadings under which the trial shall be held. Like the old practice respecting affidavits of defense, its only purpose is to determine whether a meritorious ground of defense can be presented to the claim for rent and, if not, to enter summary judgment without the delay and expense of a trial. If a good defense is set up in the plaintiff's reply the case goes to trial on the pleadings provided for in section 6. In this view of the purpose and effect of the rule, we see nothing in it inconsistent with the Act of 1901, supra, or contrary to law. A similar rule is in force in Allegheny County and has been upheld by the courts there: Pickering v. Kerr, 72 Pitts. L. J. 810; Gain-A-Day Electric Co. v. Lehnert, 71 Pitts. L. J. 226; Kennedy v. McSorley, 68 Pitts. L. J. 855.

The validity of the rule being upheld, we are of opinion that the learned court below committed no error in entering judgment against the plaintiff for want of a sufficient reply. Under the special provisions of the lease here involved, when the landlord gave notice of his intention to raise the rent for the

ensuing year, the continuance in possession of the premises by the lessee amounted to an implied agreement to pay the increased rental: Mitcheson v. Barth, 38 Pa. Superior Ct. 468. If he was unwilling to do so it was his duty to quit the premises at the end of the leasehold year following the receipt of such notice.

We are of opinion, however, that the order of the court did not justify the assessment of damages for defendant in excess of $1,500, the amount for which he distrained, and made claim in his affidavit of defense, and for which the court below entered judgment. It is accordingly reduced to fifteen hundred dollars, as of date of January 25, 1927, and as so modified is affirmed.