CASES DECIDED IN ALL THE

# JUDICIAL DISTRICTS

OF

# PENNSYLVANIA

## VOL. XXXI

---

# Emergency Loan Company of Norristown, Pa., v. Ziegler et al.

*Robert Trucksess,* for plaintiff.

*Thomas Hallman* and *Raymond Pearlstine,* for defendants.

KNIGHT, P. J., November 19, 1937. — The plaintiff moves to strike off a counterclaim forming part of an affidavit of defense filed in answer to a declaration in replevin.

For our present purpose, we must state the facts as set forth in the affidavit of defense and counterclaim. Briefly, they are:

Plaintiff was the owner of certain personal property, which he purchased at a bankruptcy sale. This property consisted of a tractor, a wagon, a plow, 2 sets of harness, 2 cows, 1 horse, approximately 4½ tons of straw, and 4 tons of hay.

On September 15, 1936, plaintiff brought this personal property to the farm of defendant, Melvin Ziegler. There it stored the forage and implements, and placed the livestock in the care of Ziegler, under an agreement that plaintiff would pay what such storage, care, and keep was reasonably worth.

On January 16, 1937, plaintiff removed all the personal property, except 1 cow, 1 tractor, 1 bed wagon, and 2 sets of harness.

Plaintiff on February 18, 1937, removed the cow, but left the other articles in the possession of defendant Ziegler, under an agreement that they should remain in his possession until the charges for storage, care and maintenance, feed and upkeep, were paid by plaintiff. Then follows an itemized account of what defendant Ziegler claims to be due to him, for the storage of plaintiff's property and the maintenance of his livestock. The aggregate amount claimed is $175.

This action of replevin is brought to recover possession of the tractor, plow, harness, and wagon.

Plaintiff relies upon the Replevin Act of April 19, 1901, P. L. 88, which provides that the declaration and affidavit of defense shall constitute all of the pleadings in replevin actions. Counsel therefore argues that the counterclaim should be stricken off.

The action of replevin is designed to try the title and right of possession to personal property. When a defendant asserts a right of possession by reason of a valid lien

on the articles sought to be replevied, the law permits him to make such a claim.

Defendant Ziegler contends that a counterclaim is allowed in replevin actions, under our rules of court.

Rule 27 provides:

"In all actions of replevin in which the defendant does not claim ownership of the property replevied, but claims a lien upon the property or a right therein under distraint for rent, the defendant shall assert such claim in his affidavit of defense, and in like manner and form as is required for counterclaims in actions of assumpsit under the Practice Act; and thereafter the same practice and procedure shall be had as in such actions, and judgment may be entered against the plaintiff for want of a reply or for an insufficient reply, as the case may require."

Our rule is identical with rule 68 of the Philadelphia Common Pleas, which was upheld in Katz v. Wagoner et. al., 92 Pa. Superior Ct. 363.

The question then arises whether defendant Ziegler has a lien on the property of plaintiff.

Certainly he has none of the common and well-recognized liens on personal property. He does not have a lien for rent, because the relationship of landlord and tenant never existed. He does not have an artisan's lien. He has no lien for storage, under the Act of March 11, 1909, P. L. 19, for he does not operate a warehouse; nor does he have a livery stable lien, under the Act of April 7, 1807, 4 Sm. L. 403, for he does not conduct an inn or livery stable, and the livestock on which he may have claimed a lien has been delivered to the plaintiff.

If he has any lien at all, it must be based on the alleged agreement that he could hold the articles of personal property until his reasonable charges were paid. This was a pledge of the articles sought to be replevied.

There seems to be some confusion as to whether the pledgee has a lien on the property pledged. Compare 37 C. J. 312, sec. 13, with 49 C. J. 925, sec. 61.

We are of the opinion, however, that the intent and spirit of our rule of court was to include as a lien every case in which personal property belonging to one person is in the possession of another charged with the payment of a debt to the possessor.

We therefore conclude that the motion to strike off the counterclaim must be overruled.

And now, November 19, 1937, the motion to strike off the counterclaim is overruled, and the plaintiff granted 15 days to reply to the counterclaim.