# Boys' Novelty Suit Company, Appellant, *v.* Garfield.

*Assumpsit—Contract for materials and labor—Lien—Practice, C. P.—Affidavit of defense—Sufficiency—Counterclaim.*

Where a plaintiff sues in assumpsit, to recover the value of materials which were furnished the defendant to have certain work done thereon, without asking damages for the breach of the contract, defendant cannot set up as a defense that he sold the goods to compensate himself on account of another indebtedness of the plaintiff to him. While the defendant had a lien for the value of his labor on the goods, a sale of them was a breach of fidelity toward his bailor.

A counterclaim for work previously supplied to the plaintiff on an open book account, showing item by item how the amount is ascertained is a good defense, to the extent of the amount shown to be due, against a claim in assumpsit for the value of goods delivered to the defendant to have work done upon them.

366 BOYS' NOVELTY SUIT CO., Appel., *v.* GARFIELD.

Statement of Facts—Opinion of the Court. [76 Pa. Superior Ct.

Argued December 17, 1920. Appeal, No. 352, Oct. T., 1920, by plaintiff, from judgment of the Municipal Court of Phila. Co., July T., 1920, No. 94, discharging rule for judgment in the case of Boys' Novelty Suit Company, trading as Peggy's Junior Suit Company, v. Jacob L. Garfield, trading as Garfield Junior Suit Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Ashton Locke Worrall,* for appellants.

*William F. Berkowitz,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

Plaintiff's statement avers it had an agreement with the defendant whereby it supplied certain materials for the manufacture of boys' suits to the defendant who worked them up into the finished article and upon the return of the suits defendant was to be paid for his services a stipulated price per suit. That the plaintiff furnished goods to the value of $519.60, but the defendant kept the goods and merchandise, and refused to deliver the suits as agreed.

The defense is threefold. First, the defendant questions the value of the goods so delivered and presents a bill or memorandum from the plaintiff in which the prices of the goods are set down and they amount to but $288.44. Second, he presents a counterclaim for $265.20, being for work previously supplied to the plaintiff in the manufacture of other suits, it being a balance due on an open book account, and in his supplementary affidavit

the defendant shows item by item how this amount is ascertained. Third, the defendant sets out that he refused to deliver to the plaintiff the manufactured suits until this old account was paid, and the plaintiff refusing to pay for the same the defendant sold the suits at $4.00 per suit and he figures it out, that the plaintiff owes him the sum of $32.29, after all matters involved in this suit are squared.

As to the last proposition; it will be observed that the plaintiff merely sues for the material furnished to the defendant. He does not ask for any damages for the breach of the contract other than the value of the goods with the possession of which he parted. We do not think the defendant has justified a sale of the goods. He does not indicate how the sale was made. He certainly had the right to keep the suits until the labor which he expended upon them was compensated, but when he sold the goods he was guilty of a breach of fidelity to the bailor and his right of lien went with it. Rodgers v. Grothe, 58 Pa. 414. He can not maintain this defense against the plaintiff who has brought suit for the value of the merchandise which passed to the defendant. If he wished to enforce his lien the Act of December 14, 1863, Sec. 1, P. L. 1864, 1127, provided a remedy.

We conclude that the only defenses in this case are those which go to the value of the goods furnished and which claim a set-off for the old account. Both of these we think are tenable. However, admitting everything that the defendant urges in this respect we find that he is indebted to the plaintiff in the sum of $28.19, which is ascertained as follows: amount of plaintiff's claim for goods delivered taking defendant's valuation, $288.44; amount of defendant's claim for the old bill, $260.25. This leaves an amount of $28.19 due the plaintiff with interest, and for this amount the court should have entered judgment. Fulton Farmers Assn. v. Bomberger, 262 Pa. 43.

The judgment is reversed, and it is now ordered that judgment be entered for the plaintiff in the court below for the sum above indicated unless other legal or equitable grounds are shown to the contrary, with leave to plaintiff to proceed for the balance of his claim.