## Davis, Director General of Railroads, v. Balistrere.

*Practice, C. P.—Statement of claim—Affidavit of defence—Act of May 14, 1915.*

1. Under the Practice Act of May 14, 1915, P. L. 483, an affidavit of defence which consists of a bald denial of the several paragraphs of the statement of claim is insufficient.

2. When a defendant denies the accuracy of a statement of fact, he must also aver the true fact.

*Set-off—Freight charges—Goods lost or damaged.*

3. In an action by a railroad company for freight charges, the defendant cannot set-off a claim for goods lost or damaged.

*Assumpsit* for freight charges. Motion for judgment for want of a sufficient affidavit of defence. C. P. Clearfield Co., Dec. T., 1921, No. 133.

*O'Laughlin, Fenerty* and *Kelley*, for motion; *Chase & Chase*, contra.

BELL, P. J., Jan. 18, 1922.—The plaintiff's statement contains twenty-one paragraphs, of which 1, 2, 3, 6, 7, 9, 11, 12, 13, 20 and 21 are expressly admitted, 17 admitted as to the fact averred, but the result denied, 8, 10 and 19 are "neither denied or admitted, the defendant not being familiar with the facts," 14 denied and explained, and 4, 5, 15, 16 and 18 denied without

explanation or other statement. The defendant also pleads a counter-claim larger than the claim of plaintiff.

The facts averred show a good cause of action and the right to recover $39.04. The averments in paragraphs 8, 10 and 19 are to be taken as conceded, under Beuhler v. U. S. Fashion Plate Co., 269 Pa. 428, but facts essential to a recovery are pleaded in the paragraphs expressly denied. This has been largely regarded by the profession as sufficient to prevent judgment under the Practice Act of May 14, 1915, P. L. 483, but the 8th section thereof provides: "It shall not be sufficient for a defendant in his affidavit of defence to deny generally the allegations of the statement of claim, . . . but each party shall answer specifically each allegation of fact of which he does not admit the truth." The recent case of Beuhler v. U. S. Fashion Plate Co., 269 Pa. 428, contains an elaborate discussion of the subject generally, but does not indicate what complies with the requirement that the affidavit "shall answer specifically." This, however, was settled in Fulton Farmers' Ass'n v. Bomberger, 262 Pa. 43: "Nor is defendant any happier in his contention that his bald denial of the averments of the several paragraphs of the statement of claim was sufficient. We agree with the court below that these averments are wholly insufficient, because of section 8 of the Act of May 14, 1915, P. L. 483, which provides that 'it shall not be sufficient for the defendant in his affidavit of defence to deny generally the allegations of the statement of claim' to make his denial effective, and defendant must deny that he collected anything from the party named in the statement or aver how much he did collect from that party; and he must make that denial so clear and specific that plaintiff may forthwith obtain judgment for the amount as to which there is no real defence, and at the ensuing trial the court may know exactly what the issue is. That is the purpose of the above quoted provision from the Act of 1915, and that purpose will be enforced."

There are averments of fact which a defendant may well say are non-existent, and he can say so; and when the defendant merely denies the accuracy of a statement of fact, he must give his averment of the true fact. This is illustrated by the plaintiff's 15th paragraph, "The weight of the said carload of watermelons was 29,700 pounds;" and the answer in the affidavit of defence, "The 15th paragraph of the plaintiff's statement is denied." The pleadings show there is no dispute as to the fact of a car, and, of course, it had weight, so the defendant is bound to plead his contention as to weight and state facts which may fairly put the burden of entire proof on the plaintiff. It is not quite accurate to say that a flat denial of an averment admits the fact averred; it is a failure to deny according to the requirements of the Practice Act which brings about the same substantial result.

The claim stated in the counter-claim may be entirely meritorious, but cannot be set off in a suit for freight charges: Adams Express Co. v. Albright Bros., 75 Pa. Superior Ct. 410.

The affidavit of defendant is insufficient, but defendant shall have full opportunity to file an amended affidavit if he so desires. We may add that we regret to note that the effect of the present Practice Act is to present a great number of disputes upon procedure, and it seems to be rendering litigation to a large extent a battle of technical pleaders.

Now, Jan. 18, 1922, leave is granted to the defendant to file amended affidavit of defence within twenty days, and in default of such affidavit being filed, judgment to be entered as of course for the plaintiff for the full amount of the claim for want of a sufficient affidavit of defence.

From John M. Urey, Clearfield, Pa.