## Franklin Sugar Refining Co. v. Simon John et al., copartners, trading as Simon John & Brothers,

*Practice, C. P.—Affidavit of defence—Sufficiency—Contracts.*

1. An affidavit of defence consisting of mere negations, evasive denials, averments of ignorance and conclusions of law, without stating the inquiries made, is insufficient to prevent judgment.

2. Under the facts admitted in the affidavit the broker was the authorized agent of both parties, and the transactions effected by the broker constituted binding contracts.

*Contracts.—Request for cancellation—Damages.*

3. A letter reading "We would thank you to cancel all the orders that you have on file for us for sugar," is not a repudiation of the contracts, and, therefore, has no effect upon the measure of damages.

*Contracts—Broker's memoranda—Attempt to vary.*

4. Where the terms of a contract are evidenced by a broker's written memorandum, these terms cannot be varied by the interpretation placed upon them by one of the parties.

Rule for judgment for want of sufficient affidavit of defence. C. P. Allegheny Co., Oct. T., 1921, No. 1585.

Before Carpenter and Reid, JJ.

*Henry S. Drinker, Jr.,* and *David A. Reed* (with them *Thomas Reath, Jr.*), for plaintiff.

*Langfitt & Langfitt,* for defendants.

REID, J., Feb. 20, 1922.—This case is before us upon a rule for judgment for want of sufficient affidavit of defence. The rule was heard upon the original affidavit; but, after argument, defendants' counsel asked leave to file a supplemental affidavit, and this we have permitted. As hereafter stated, we have considered these affidavits as one.

Franklin Sugar Refining Co. *v.* Simon John et al.

The action is *assumpsit* brought by plaintiff to recover damages for breach of contracts to purchase certain sugar. There were three contracts, similar in character, each calling for one carload of 115 barrels of sugar, or "equivalent," at 22½ cents per pound; one for delivery in July, 1920, and two for September, 1920, delivery, "or as soon thereafter as possible."

The statement of claim avers that the contracts were made through a broker, J. H. Huston Company, Inc. The broker made out and signed a memorandum of the terms of each contract and forwarded a copy to each of the parties *(vide* Exhibits Nos. 1, 2 and 3 of statement for copies), and these are declared upon by plaintiff as memoranda of contracts consummated between the parties.

The plaintiff also avers that, notwithstanding the agreement entered into by defendants, they did not accept more than sixty-seven barrels; and that on Aug. 12, 1921, when plaintiff made a final demand on them to comply with their contracts, they repudiated them and refused to take any other sugar whatsoever; and that thereupon plaintiff informed defendants that it elected to treat such repudiation as a breach as of that date.

Averment is then made that at the last-mentioned date the fair market value of refined sugar, such as defendants contracted to purchase from the plaintiff, was 6.15 cents per pound f. o. b. refinery.

The amount of plaintiff's claim for damages is based upon the failure of defendants to accept the balance of 278 barrels, or equivalent, of sugar contracted for, which, according to the custom of the sugar trade, is to be computed at 350 pounds per barrel. This left the amount of sugar due to defendants at 97,300 pounds. Upon this residue it is claimed that the difference between 22½ cents, the contract price, and 6.15 cents, the market price on Aug. 12, 1921, is due to plaintiff as damages, the amount of which is $15,908.55, on which interest is claimed from the date of the breach.

A careful analysis of the original and supplemental affidavits of defence shows that they are open to the objection of being vague, indefinite, evasive, and as presenting little more than an attempt to plead conclusions of law. Moreover, as to many of the averments, they are not in accordance with the requirements of the Practice Act of 1915 governing such affidavits or with the decisions interpreting it.

The original affidavit is too extended to allow a separate consideration of each paragraph. Examining it in connection with the amended affidavit, we find that practically the only defence is that the exhibits referred to, even though copies were received and retained, and the correspondence between the parties referring to them, do not constitute contracts, but were merely proposals, which defendants had a right to accept or reject.

This defence is first found in paragraph third of the original affidavit, and, as amended, is as follows:

"Defendants deny paragraph third of the plaintiff's statement of claim as stated. Three proposals for sale were made by the plaintiff to defendants between June 1st and July 15, 1920, a proportion of which proposals were accepted, the goods delivered and were paid for by defendants, the remaining proposals were held in abeyance by defendants and canceled later. Defendants deny they dealt directly with the plaintiff, but with J. H. Huston Company, and made no purchase or agreement to purchase directly with or from the plaintiff at any price, but did solicit Huston Company to, if possible, secure from plaintiffs a quantity of sugar, the amount of which was indefinite. In pursuance thereof, plaintiff forwarded certain papers, copies of which are attached to the plaintiff's statement, which papers defendants interpreted to

1 D. & C.

mean that defendants could procure from the plaintiff practically at once any quantity of sugar not exceeding the limits in said papers."

The same suggestions of a mere offer or proposal is again set up in paragraphs 5 of the original affidavit of defence as amended, 6, 10 as amended, 16, 17, 21 as amended, 22, 23, 26 as amended, 32, 37, 39, 41 as amended, 42 as amended, and the final paragraph 44.

The same defect runs through all of these. The defendants ignore the specific terms of the memoranda which they accepted and recognized, and attempt to put their own forced interpretation upon the papers, and upon such interpretation deny liability.

As already stated, the receipt of the copies, or memoranda, is nowhere denied; nor is it denied that Huston Company was the broker authorized to negotiate.

Memoranda of identical form, accepted by similar correspondence, in a number of Philadelphia cases have been held to be the basis of a valid and enforceable contract from which the defendants there could not escape by setting up averments of the character presented in these affidavits. The cases to which we refer are as follows: Franklin Sugar Refining Co. v. Hanscom Bros., 30 Dist. R. 501; Franklin Sugar Refining Co. v. Donabedian, 30 Dist. R. 502; Franklin Sugar Refining Co. v. Huntington Co., 30 Dist. R. 1009; Franklin Sugar Refining Co. v. Kruse Co., 30 Dist. R. 1013; Franklin Sugar Refining Co. v. Howell, 30 Dist. R. 1079.

A number of the foregoing paragraphs begin by a mere negation of the corresponding paragraph in plaintiff's statement of claim thus sought to be answered. That such a method is insufficient as a specific denial under the Practice Act is beyond question. In none of them is there a sufficient support of the attempted denials by a counter-statement of properly pleaded facts.

An instance of this is found in paragraph 3 of the original affidavit. By it defendants simply deny paragraph 3 of plaintiff's statement of claim as stated. It then avers the existence of certain "proposals," without stating the purport or nature of these proposals, or whether they were other than or different from the "memoranda" exhibited in plaintiff's statement. Defendants then state that a portion of such proposals were accepted and paid for, without saying what portion was thus dealt with. The paragraph concludes by averring, "The remaining proposals were held in abeyance by defendants and canceled later," without saying how long thus held or when or how they were canceled later. This is clearly insufficient.

The amendment to the paragraph in question merely denies that defendants dealt directly with the plaintiff, and that the papers, copies of which were attached to the plaintiff's statement of claim, were interpreted by defendants to mean that they could purchase practically at once any quantity of sugar they desired.

Such averments amount to nothing, and they cannot, by alleging such interpretation, change the rights of the parties.

Another instance of a defect of a similar character in this affidavit is found in the fourth paragraph. This simply denies, as does the third, without averring specific facts to support it, and is then followed by the clause, "the papers referred to being there termed contracts instead of proposals." This was not helped by the amendment, which is as follows:

"The alleged contracts sent by the plaintiffs to defendants as Exhibits 1, 2 and 3 were not in pursuance of or in accordance with any verbal or written instructions of defendants to the brokers and were not agreed to in terms by defendants, but defendants, relying upon their request to the brokers to

secure them sugar in large quantities in June, July and August with which to supply their customers, accepted such sugar as coming from the plaintiffs, believing the same to be in accordance with defendants' understanding with the brokers."

The broker in question was the agent of the defendants as well as of the plaintiff. The papers submitted were in writing, and defendants are presumed to have read them and to have understood their contents. They did not dissent from the terms, but allowed them to pass unchallenged, and they cannot now be allowed to set up some undisclosed "verbal or written" instructions to the broker and their own supineness in "believing them to be in accordance with their understanding" in order to overthrow a valid agreement.

In no instance, either in the original or in the supplemental affidavit of defence in which there is a failure to specifically deny, or where it is averred that defendants are not informed, and therefore require proof, is the necessary averment made which will excuse the absence of such specific denial.

That a mere denial of this character will not avail as a defence will appear by reference to the following cases: Buehler *v.* United States Fashion Plate Co., 269 Pa. 428; Fulton Farmers' Ass'n *v.* Bomberger, 262 Pa. 43; Parry *v.* Bank, 270 Pa. 556.

The averments in paragraph 3 of amended affidavit, attempting to deny that, at the time the alleged contracts were forwarded, plaintiff ever had, or had reason to believe it would have, sugar to meet defendants' contracts, and merely "allotted," without selling or contracting to sell, any quantity of sugar to the defendants, are not good, in view of the provisions of the agreement and the undenied averments of the failure of defendants to give directions as to shipments of the sugar and of their request that deliveries be suspended. The concluding sentence is argumentative and not a matter of defence.

The same can be said of the amendment to paragraph 9, which denies that the broker "received the sugar." The statement does not aver that the broker did receive the sugar. It merely avers that the broker "received allotments, for the division of which he advised plaintiff and received from the plaintiff authority to make the contract in its behalf." This paragraph is also argumentative; and the final averment that the contracts were sent by the broker, and not by the plaintiff, does not, even if true, affect the rights of the parties.

Paragraph 6 of the supplemental affidavit, which seeks to amend original paragraph 21, again presents the attempt to plead a legal conclusion, is argumentative, endeavors to set up a construction or understanding between the broker and the defendants, and is in contradiction of the terms of the written memoranda, and the denial embodied in it is no more than a mere denial, and, therefore, insufficient.

Paragraph 7 of the supplemental affidavit, amending section 26 of the original, is evasive and insufficient. It simply makes a general denial, and then interprets such denial by stating that "no such amount or any part thereof was ever sent or shipped to defendants prior to defendants' cancellation. . . ."

In view of the fact that the 26th paragraph of the plaintiff's statement does not aver any such delivery, the defendants' denial amounts to nothing. Moreover, the time and manner of the alleged cancellation is not set forth.

The matter averred in paragraph 8 of the supplemental affidavit, the purpose of which is to amend paragraph 33 of the original affidavit, and which undertakes to reply to the averments of paragraphs 33 and 37 of the statement, are clearly not well pleaded.

1 D. & C.

Franklin Sugar Refining Co. v. Simon John et al.

The averment of plaintiff's paragraph 33 is: "Due to causes beyond plaintiff's control, it was not possible to deliver (except as averred in paragraph 37 hereof) to the defendant the sugar called for under contract evidenced by the original of Exhibit No. 1 until after Aug. 18, 1920." The original affidavit simply replied: "Defendants have no knowledge of the averments, . . . and therefore formally deny the same." These are clearly insufficient.

The amended paragraph does not attempt to specifically deny the truth of this averment. It inferentially does so. It begins by saying: "But plaintiff has not shown that it was beyond its control to ship sugar to defendants, otherwise than as averred in paragraph 37."

Plaintiff was not obliged to thus show by proof. It was sufficient in the first place to aver the facts, and it was then incumbent upon defendants to specifically deny them if they were not true. All that this amendment undertakes to do is to aver that, upon inquiry and investigation and upon information received, the plaintiff had made an "alleged contract" with 400 customers, which it was not able, nor did it expect, to fill; that these alleged contracts were made without plaintiff's obligating itself and for the purpose of holding such contracts unfulfilled until abnormal prices had ceased, and then, upon refusal of the "proposed buyer" to take more sugar, to hold them responsible, "as is sought to be done in this proceeding," the plaintiffs never having had in hand at any time sugar sufficient to supply in full what it ought to. This is concluded by the averment that the defendants believe and expect to be able to prove the foregoing.

The charges of gross fraud thus sought to be made against plaintiff cannot avail defendants, for a number of reasons:

1. The averment does not specifically deny the averment of the statement.

2. If defendants made the inquiries and obtained the information alleged, they must state the nature and extent of their inquiries and their sources of information, so that we may know the basis of the knowledge of the informants

3. The contracts referred to as made with these 400 unnamed customers must be identified and their contents more specifically presented than by a mere reference to their supposed terms or purpose.

4. To permit the general and argumentative averments of this paragraph as to the conduct and dealings of defendants to be offered in attack upon a specific contract would be to admit irrelevant and immaterial matters which are clearly *res inter alios acta.*

Finally, the attempt to interject defendants' interpretations or conclusions as to the motives of plaintiff in making contracts either with affiants or others cannot be permitted.

Paragraph 9 of the amended affidavit, the purpose of which is to supplement original paragraph 36, is not sufficient. The original paragraph clearly failed to meet the requirements of good pleading. It merely pleads, "No such contract—therefore no such specifications were required." It did not deny that the defendants had been requested to furnish specifications of the grades and packages in which delivery was to be made.

In the amendment the denial is merely that plaintiff "frequently requested specifications." It fails to aver how many or how few times such specifications were requested.

The amended paragraph in question presents a long and argumentative discussion as to shipments—the realization by defendants that no further reliance could be placed upon plaintiff's promises; that sugar had not been furnished in a reasonable time, and, as a result, avers that defendants "exer-

cised their right to cancel the offers, orders or alleged contracts, and did so in writing on Sept. 11, 1920, reaffirming said cancellation on Nov. 4, 1920, and Jan. 8, 1921."

The attempted cancellation of Sept. 11, 1920, is quoted in the 44th paragraph of the original affidavit of defence. It is as follows: "We would thank you to cancel all the orders that you have on file for us for sugar, as we have a large quantity of sugar on hand and we are selling a very little of it."

This was not a cancellation, but merely a request for such, not complied with. The averment of the "reaffirmance" of such cancellation at the later dates, in the absence of an averment stating the terms of such reaffirmance, whether verbally or in writing, amounts to no more than pleading a conclusion.

That a request to cancel is not a cancellation or repudiation of a contract is ruled in Woldert Grocery Co. v. Wilkinson, 39 Pa. Superior Ct. 100, and Franklin Sugar Refining Co. v. Huntington Co., 30 Dist. R. 1009.

Paragraph 37 of the original affidavit of defence admits that sixty-seven barrels of sugar were received and paid for at the price of 22.50 cents per pound. The attempted denial is simply a repetition of the averment that the arrangements between the parties did not constitute a contract. This is sought to be amended by paragraph 10 of supplemental affidavit; but the averment therein of "an arrangement having been made in the spring of 1921," by which plaintiff agreed to ship, and did ship, sugar, irrespective of previous disputed claims, without prejudice, etc., is insufficient, in that it merely states conclusions or results reached, not the particulars as to such alleged arrangement or whether verbal or written.

Paragraph 38 of the original affidavit was insufficient, presenting bald denials, plus the evasive averment that "during all the period during which defendants were willing to receive sugar from plaintiff, plaintiff failed and was unable to furnish same." This is evasive because it does not meet the positive averment of the statement and seeks to introduce "the period during which defendants were willing to accept" as important or controlling as against the terms of the written memoranda.

Paragraph 11 of the amended affidavit adds to the original 38th paragraph an averment of plaintiff's unreadiness or inability to perform. As, however, this is based entirely upon the defendants' interpretation or "understanding" of the contracts and ignores the specific written terms evidenced by the memoranda, it cannot be considered as effective to prevent judgment. It also ignores the specific averment of the statement of a failure on defendants' part to furnish assortment and shipping directions.

It is not sufficient to substitute for the requisite direct and positive denial of such averment the argumentative conclusion of plaintiff's unreadiness to deliver at a time fixed according to defendants' interpretation, then, finally, becoming tired of waiting for deliveries and the subsequent cancellation.

Original paragraph 39 needs no discussion. It presents a mere denial and an admission that demand for performance was in fact made upon them on Aug. 12, 1921. It concludes with the conclusion that, under the contracts (as interpreted by them), there were not at the date mentioned any uncompleted contracts or business dealings between the parties.

Original paragraph 40 does not deny, or attempt to deny, the averment that plaintiff elected to treat Aug. 12, 1921, as the date of the repudiation of their contracts by the defendants.

Original paragraph 41 presents a mere denial, and as it stood did not need discussion. The added averment "that defendants had no contract to pur-

1 D. & C.

Franklin Sugar Refining Co. v. Simon John et al.

chase from plaintiff as stated" was but a repetition of the previous attempts to plead their conclusion and interpretation of the agreements here involved. The averment of paragraph 41 of the statement was that on Aug. 12, 1921, the fair market price of refined sugar, such as defendants contracted to purchase, was 6.15 cents per pound f. o. b. refinery.

Not having been denied as required by the Practice Act, this averment was admitted.

The 12th paragraph of supplemental affidavit amended paragraph 41, but did not attempt to deny the price averred as above stated, but enters upon an extended and non-responsive presentation of the market on Sept. 11, 1920 (the date of the alleged cancellation), at which it avers the price of sugar had but slightly receded, and, consequently, the highest rate per pound of plaintiff's damages could not exceed 4½ cents.

Then follows an averment that, after the date of such attempted cancellation, plaintiff knew that defendants would not complete their contracts, and, therefore, held said sugar at its own risk, "and if plaintiff failed to dispose of said sugar immediately thereafter, and the price of sugar subsequently declined (whether said cancellation was legal or otherwise), the plaintiff cannot hold defendants for any loss or damage due to such further decline in prices."

The foregoing is a mere attempt to again plead a conclusion of law based upon defendants' interpretation, both of the law and the contracts involved, and in nowise attacks or replies to the simple averment found in plaintiff's statement of claim.

Original paragraph 42 presents another instance of the pleading of the defendants' conclusion or interpretation that no contracts were entered into. It is a mere denial (and no more) as to the material facts, except as to the non-existence of a custom which fixes 350 pounds as the average weight of a barrel of sugar. It is true that it formally denies the weight of 97,300 pounds, and that sugar was 6.15 cents per pound on Aug. 12, 1921, but it fails to aver what the non-delivered sugar would weigh under the defendants' method of computation, or what in fact the price of sugar really was at the date mentioned.

With regard to the averment of the non-existence of a custom that the average weight of a barrel of sugar is 350 pounds, and the denial that the average weight is 350 pounds, it was the duty of the defendants, who are sugar dealers and knew the facts, to set forth their standard for such weights, whether greater or less than 350 pounds. Their simple denial does not aid the court or clarify the pleading. The fact is within their knowledge and they have chosen not to state it.

The question of the allowance of 350 pounds as the "equivalent" of a barrel of sugar, and the failure of defendants to set up their own standard of weights, damages, etc., is discussed in Judge Finletter's opinion in Franklin Sugar Refining Co. v. Kruse Co., 30 Dist. R. 1013.

The addition to paragraph 42 of the matters averred in the 13th paragraph of the amended affidavit does not aid or strengthen the original. The facts averred are in nowise responsive to the averments in the 42nd paragraph of plaintiff's statement.

The final paragraph of the original affidavit of defence (44th) has not been amended. It is in effect but a resumé of the numerous preceding averments as to non-existence of any enforceable contracts and the defendants' theory in relation to the dealings between the parties. It avers the attempted cancellation of Sept. 11, 1920, and the previously discussed claim that plaintiff

Franklin Sugar Refining Co. *v.* Simon John et al.

cannot recover for depreciation in the price of sugar after that date. There is nothing in it to prevent judgment.

Judgment must be entered for plaintiff and against the defendants for the full amount of plaintiff's claim, $15,908.55, with interest from Aug. 12, 1921.

*Order.*

And now, Feb. 20, 1922, it is ordered that the rule for judgment for want of a sufficient affidavit of defence be made absolute, and that judgment be entered for the plaintiff and against the defendants for the sum of $15,908.55, with interest from Aug. 12, 1921.

From Edwin L. Mattern, Pittsburgh, Pa.