Hoover Body Company *v*. Pendleton, Appellant.

Argued November 21, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Jay W. Sechler,* for appellant, cited: Woodoleum Flooring Company v. Kayser, 45 Pa. Superior Ct. 372; Hadley v. Baxendale, 9 Exch. 341; Raby, Inc. v. Ward-Meehan Co., 261 Pa. 468; Campfield v. Sauer et al., 189 Fed. 576.

*Byron, Longbottom, Pape & O'Brien,* for appellee, cited: Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Rockwell Manufacturing Company v. Cambridge Springs Co., 191 Pa. 386.

OPINION BY CUNNINGHAM, J., December 13, 1928:

Plaintiff, a corporation engaged in manufacturing automobile bodies, brought suit June 26, 1928, for the balance alleged to be due as part of the consideration for an ambulance body sold to and accepted by the defendant, a dealer in automobiles, and attached to its statement of claim a copy of the charges as contained in its books of original entry. This exhibit shows the price to have been $650 with certain items added for special painting, gold lettering, installation of bell and of attendant's seat, etc., making an aggregate of $741.55. Credit is given for $500 paid on account, leaving a balance claimed of $241.55. Defendant filed an affidavit of defense; plaintiff took a rule for judgment for want of a sufficient affidavit; defendant obtained leave to file a supplemental affidavit; plaintiff then took a rule for judgment for the amount as to which the original and supplemental affidavits are insufficient. Through an inadvertence this rule was discharged; it was subsequently reinstated. After argument, the court below, as we understand the record,

made this rule absolute in the sum of $216. The difference between the amount sued for and that for which judgment was entered, $25, seems to be the aggregate of two items of expense incurred by defendant in installing an additional seat and relocating the bell as set forth in the supplemental affidavit of defense, as to which items the court below deemed it sufficient. Although neither the rules nor the orders of the court below are entirely clear on these matters we are satisfied from an examination of the record that the general effect of the proceeding was a motion for judgment for want of a sufficient affidavit of defense and that the court below deemed the supplemental affidavit sufficient as to two items aggregating $25: Fulton Farmers Association v. Bomberger, 262 Pa. 43, 47. The acceptance by defendant of the motor ambulance body, which was constructed by plaintiff and installed upon a chassis furnished by defendant, is not denied.

The defense attempted to be set up was that defendant had a contract with the United States Veterans Post No. 114 of the American Legion for the purchase by it from him of an ambulance unit to be presented by the Post to the Delaware County Hospital in connection with and as a part of the dedication exercises of that institution on June 24, 1927. Not being a builder of automobile bodies defendant communicated, about June 1, 1927, with several manufacturers, including the plaintiff, and was informed by plaintiff that it had an ambulance body under construction which could be completed and installed ready for delivery within two weeks. It is averred in the supplemental affidavit that plaintiff submitted specifications and a description of the ambulance body to defendant and that these were submitted by him, in turn, to the Post, but no copies were attached to the affidavit. The negotiations resulted in a verbal agreement, under date of June 6, 1927, by which plaintiff

agreed to construct and install the ambulance body and make delivery not later than June 22, 1927. Delivery was delayed until on or about July 15, 1927. The date of the payment of $500 on account does not appear. Defendant set up, as a defense to the payment of the balance of the contract price, that the ambulance body was not built in accordance with the specifications and description in several particulars and was not properly installed upon the chassis; that the correction by defendant of these defects and the cost of hiring an ambulance for the hospital during these alterations would entail a loss to him of several hundred dollars; and that the Post, by reason of the delay in delivery, has refused to pay defendant a balance of $143 due from it on the ambulance.

Assuming, as contended by defendant, that this was a sale by description within the meaning of section 14 of the Sales Act of May 19, 1915, P. L. 543, and that there was an implied warranty that the goods should correspond with the description, the question remains whether the averments in the affidavits constitute a valid defense. Acceptance is admitted and defendant attempts to hold plaintiff liable in damages for failure to construct in accordance with its specifications. Section 49 of the act provides: "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty, within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor."

It is contended that the ambulance body was built with a square instead of a rounded cowl, as specified, and that it was not properly installed on the chassis.

These alleged defects were patent and must have been known to defendant as soon as delivery was made. The only averment of any notice to plaintiff of the alleged defects is found in the supplemental affidavit and is to the effect that defendant "gave prompt notice to plaintiff, through its duly authorized agent, of the differences between the ambulance body, its installation and equipment, as set forth in said specifications and description, and the ambulance body as actually delivered, installed and equipped and of his [defendant's] intention to hold plaintiff liable," etc. In our opinion this averment is too indefinite, vague and evasive to bring defendant within the above quoted section of the Sales Act. If such notice was given all the circumstances were within the knowledge of defendant, but there is no specific averment as to when or how it was given; nor is the alleged agent of plaintiff indicated by name or description. In these particulars we think the affidavits are insufficient to overcome the prima facie liability of defendant arising from his acceptance of the ambulance body subsequent to the agreed upon date for delivery. In Blakeslee Manufacturing Co. v. Hilton, 5 Pa. Superior Ct. 184, in which the plaintiff sought to recover the price of a pump manufactured for the defendant, one of the defenses set up was that there was unreasonable delay in delivery, resulting in pecuniary injury to defendant. This court there held that, assuming that time was of the essence of the contract and that the plaintiff was in default, the defendant may not accept the article after long delay and set off the damages caused by such delay. Considering the original and supplemental affidavits together (Woodoleum Flooring Co. v. Kayser, 45 Pa. Superior Ct. 372), we are of opinion that the facts as therein pleaded would not constitute a valid defense to the portion of the claim for which judgment was entered.

The judgment is affirmed.