## Mercersburg Builders' Supply Company v. Harris.

*John R. Jackson,* for plaintiff; *John P. Sipes,* for defendant.

McPHERSON, P. J., February 5, 1931.—This suit was brought by the plaintiff against the defendant to recover an alleged balance of a book account consisting of building materials, particularly flooring, furnished to the defendant by the plaintiff during the year 1924.

The materials furnished were used by the defendant in the improvement of a hotel owned and operated by him in McConnellsburg, Pennsylvania. The defendant filed an affidavit of defense which in form was practically an admission of the allegations of the statement of the plaintiff, but set up a counterclaim against the plaintiff, based on a specific warranty made by the plaintiff to the defendant in relation to the hardwood flooring furnished, namely, "that the flooring was perfectly kiln-dried and would not dry in or shrink, but would make a good, tight and satisfactory floor," which warranty the defendant alleged was breached by the plaintiff, in that the flooring, although well laid by competent workmen during the summer of 1924, began to show shrinkage the next spring and summer, and to shrink and dry in until the fall of 1925, causing an unsightly, imperfect and unsanitary condition on all the floors upon which said flooring was laid. The defendant further alleged that relying on this guaranty the defendant purchased the flooring in question.

The defendant also alleged that "so soon as the defendant discovered the flooring was deficient in quality, which was sometime in 1925, he notified the

plaintiff by telephone of the condition of the same and offered it the flooring, which the plaintiff refused to take."

The plaintiff is a corporation incorporated under the laws of the State of Maryland, but registered in Pennsylvania, and maintains a plant and office at Mercersburg, Franklin County, Pennsylvania.

The plaintiff filed a demurrer to the counterclaim so set up by the defendant in his affidavit of defense, alleging that the counterclaim so pleaded showed no cause of action against the plaintiff. The first reason for the insufficiency of the statement of said counterclaim alleged by the defendant is the failure of the defendant to give notice to the plaintiff of the breach of warranty within a reasonable time after the buyer knew, or ought to have known, of such breach, as required by section forty-nine of the Sales Act of 1915, P. L. 543, which provides that upon failure to give such notice the seller shall not be liable on the warranty.

What is a reasonable time within which such notice should be given is ordinarily a matter of fact for a jury, but when we deal with facts which are admitted, since the affidavit of defense, which may be taken as true, must also be considered as asserting as strongly as possible everything that the defendant can say in his favor, the question becomes one of law for the court: Wright v. General Carbonic Co., 271 Pa. 332, 339, and cases cited.

Under the pleadings of the defendant, there is no specific time set out at which the alleged notice of the breach of warranty was given to the plaintiff by the defendant. The only allegation therein was that it was some time during the year 1925. Under this pleading proof of the notice would be in accordance therewith and would furnish no accurate information from which it could be determined when said notice was given, and whether or not the same was within a reasonable time after the defendant knew or "ought to have known" of the breach of warranty. This is an insufficiency in averment and a matter for the court to declare as such: Wright v. General Carbonic Co., supra.

The notice, as pleaded, also fails to state to whom the notice was given, or to what agent of the plaintiff it was given. The authorities seem to concur in the requirement that the notice of a breach of warranty, to be effective, must set forth the specific time at which it was given, the person to whom it was given and the subject matter thereof. The pleadings do not conform with these requirements of the authorities, and the counterclaim so pleaded is defective and cannot be a basis of recovery against the plaintiff. The following cases are among those which have established this ruling as to notice: Hoover Body Co. v. Pendleton, 95 Pa. Superior Ct. 97; Wright v. General Carbonic Co., 271 Pa. 332.

The defendant's counterclaim, therefore, being insufficiently pleaded, no notice as required by law having been given to the plaintiff of the breach, the plaintiff has no liability on the warranty and the defendant would have no basis of recovery from it.

In view of the above conclusion and of the further fact that the affidavit of defense on the part of the defendant clearly does not deny the material allegations of the plaintiff's statement, the plaintiff is entitled to a judgment for the balance claimed to be due.

And now, February 5, 1931, the demurrer to the defendant's counterclaim is sustained, and the plaintiff's motion for judgment for want of a sufficient affidavit of defense is allowed, and it is hereby ordered that judgment be entered in favor of the plaintiff and against the defendant, the amount to be liquidated by the prothonotary.